WOODFORD MANUFACTURING CO.,
Plaintiff–Appellee,

v.

A.O.Q., INC., Defendant–Appellant.

No. 87CA1439.

Colorado Court of Appeals,
Div. IV.

Dec. 8, 1988.

Rehearing Denied Jan. 12, 1989.

Certiorari Granted (A.O.Q.)
April 10, 1989.

Hecox, Tolley, Keene & Beltz, P.C., Thomas L. Kennedy, Jolene L. Carmen, Colorado Springs, for plaintiff-appellee.

Sherman & Howard, Edward A. Gleason, Colorado Springs, for defendant-appellant.

TURSI, Judge.

In this action for breach of contract and negligence, defendant, A.O.Q., Inc., appeals the judgment entered in favor of plaintiff, Woodford Manufacturing Company. A.O. Q. also appeals the denial of its motion for post-judgment relief. We affirm.

Until ten days before the trial was to start, A.O.Q. was represented in this matter by the same counsel who represents him on this appeal. A.O.Q.'s counsel, at the corporation's direction, filed a motion to withdraw stating as grounds that A.O.Q. could no longer afford to incur attorney fees and, therefore, wished to defend itself at trial. The trial court granted the motion to withdraw.

On the date and time designated for the trial to begin, Dr. El–Kareh, A.O.Q.'s presi-

dent, appeared before the trial court on behalf of the corporation. The following exchange occurred:

"THE COURT: ... Do you have an attorney to represent the corporation?

Dr. El–Kareh: Yes, sir.

THE COURT: Who is the attorney?

Dr. El–Kareh: I am going to represent.

THE COURT: No, you're not. You have to have an attorney to represent the corporation.

Dr. El–Kareh: We sent a statement to the Court requesting that we represent because of financial conditions and it was granted, I thought.

. . . .

THE COURT: [Counsel] just withdrew, that's all.

Dr. El–Kareh: I asked them to withdraw because I couldn't afford to pay them anymore.

THE COURT: I understand. You cannot represent the corporation. You're not an attorney.

Dr. El–Kareh: I wasn't informed about that. I thought I was under the impression that the Court granted the request.

THE COURT: Well, the request for them to withdraw was granted, that's correct, but that's all.

Are you going to get an attorney to represent you on this matter to represent the corporation?

Dr. El–Kareh: I am not going to because I can't afford it.

THE COURT: All right.

Dr. El–Kareh: The corporation doesn't have any money for that.

THE COURT: All right. You'll be number two for trial then."

The trial court continued the matter over for two days. A.O.Q. again appeared before the court without counsel. The trial court heard the plaintiff's case, but refused to permit Dr. El–Kareh to cross-examine the plaintiff's witnesses or to present A.O.Q.'s defense.

The trial court, finding both that the plaintiff's claims were uncontested and that A.O.Q. was not represented, entered judgment in favor of the plaintiff.

Dr. El–Kareh objected to the entry of judgment. He explained that he understood the court's prior advisement as a grant of permission to A.O.Q. to proceed without counsel at trial. He then requested that entry of judgment be delayed so that the corporation could obtain counsel to handle its defense. The trial court denied the request and informed Dr. El–Kareh that a motion to set the judgment aside could be submitted by an attorney within fifteen days.

A motion was timely filed by A.O.Q.'s former counsel. However, it was denied by the trial court.

I

■ In Colorado, a corporation may appear in court only through a licensed attorney. *Bennie v. Triangle Ranch Co.*, 73 Colo. 586, 216 P. 718 (1923); *BQP Industries, Inc. v. State Board of Equalization*, 694 P.2d 337 (Colo.App.1984). A corporation may not proceed pro se because it is an artificial entity created by law. Unlike a natural person, it is legally impossible for a corporation to appear or act in a judicial proceeding in person. *BQP Industries, Inc., supra.* Moreover, "[t]o allow a corporation to maintain litigation and appear in court represented by corporate officers or agents only would lay open the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Savings Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60, 262 N.E.2d 558 (1970).

There are two statutorily created exceptions to this rule. The first allows a corporate officer to represent a closely held corporation in actions where the amount in controversy is less than $5000. *See* § 13–1–127, C.R.S. (1987 Repl.Vol. 6A). The second exception applies only to actions brought in small claims court. *See* § 13–6–407, C.R.S. (1987 Repl.Vol. 6A). Neither of these exceptions would permit

Dr. El–Kareh to appear on behalf of A.O.Q. in this action.

When a corporation appears without counsel in violation of the general rule, a court must advise the corporation of the necessity that it be represented by counsel. A trial court cannot allow the corporation to appear and conduct a contested trial in propria persona. *See Van Gundy v. Camelot Resorts, Inc.*, 152 Cal.App.3d Supp. 29, 199 Cal.Rptr 771 (Super.Ct.1983). Any actions taken or pleadings filed by the corporation before it acquires counsel may be stricken or held a nullity. *BQP Industries, Inc., supra; Starrett v. Shepard*, 606 P.2d 1247 (Wyo.1980).

A.O.Q. claims that the rule prohibiting a corporation from proceeding without counsel offends due process when it is applied to corporations that cannot afford attorney fees. We disagree.

Generally, an individual may not be represented in court by another person who is not a licensed attorney and neither may a corporation. When a business accepts the advantages of incorporation, it must also bear the burdens, including the need to hire counsel to sue or defend in court. *Walacavage v. Excell 2,000, Inc.*, 331 Pa.Super. 137, 480 A.2d 281 (1984). Thus, the requirement that a corporation appear through an attorney in no way deprives it of due process. *Union Savings Ass'n, supra.*

## II

Contrary to A.O.Q.'s assertions, we find no abuse of discretion involved in the trial court's denial of A.O.Q.'s motion for post-judgment relief. The trial court clearly advised Dr. El–Kareh that the corporation would not be able to proceed without counsel. This directive in combination with the two-day postponement of the trial provided sufficient notice and opportunity to A.O.Q. to hire counsel.

Furthermore, although the motion to withdraw stated that the corporation wished to represent itself, we cannot assume that A.O.Q.'s counsel failed properly to advise the corporation of the need to retain other counsel before proceeding with its defense. *See* Code of Professional Responsibility, DR 2–110 and EC 2–32. There was also no reference in the motion to any legal authority that would have substantiated Dr. El–Kareh's belief that he could represent the corporation. In addition, neither the motion for post-judgment relief nor the accompanying affidavit alleged that A.O.Q. was improperly advised regarding Dr. El–Kareh's ability to appear on behalf of the corporation.

Therefore, finding no error in the trial court's ruling on A.O.Q.'s motion for post-judgment relief, we affirm the judgment. *See Meyer v. Schwartz*, 638 P.2d 821 (Colo. App.1981) (Even where judgment has been granted without a trial on the merits, the decision to reopen proceedings is within the sound discretion of the trial court, and, in the absence of an abuse of discretion, failure to reopen the case will not be grounds for reversal).

## III

A.O.Q. also urges the court to vacate that portion of the judgment comprised of prejudgment interest. The corporation contends that an award of prejudgment interest was not prayed for in the complaint. We disagree.

Our review of the complaint does show that prejudgment interest was sufficiently prayed for, and therefore, the trial court properly awarded such interest under § 5–12–102, C.R.S. (1988 Cum.Supp.).

The judgment is affirmed.

METZGER and FISCHBACH, JJ., concur.