**SHOW–ME RESTORATION SERVICES,
Plaintiff–Respondent,**

**v.**

**John M. HARLAN d/b/a The Harlan
Company, Defendant–Appellant.**

**No. 55569.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 25, 1989.

Richard E. Shinners, Richard P. Perkins,
Clayton, for defendant-appellant.

Show–Me Restoration Services, Leroy
Wells, Ballwin, pro se.

CARL R. GAERTNER, Judge.

■■■■ Plaintiff corporation[1] filed this action seeking to recover the value of services performed and materials supplied in cleaning the exterior of a building undergoing restoration. As defendant in the lawsuit plaintiff named John M. Harlan, d/b/a The Harlan Company. Defendant filed an answer in which he specifically denied doing business as The Harlan Company or that plaintiff had done any work at his request. As an affirmative defense defendant alleged that he "does not conduct business in his individual capacity and that he has had no dealings with plaintiff in his individual capacity." Despite this red flag the case proceeded to trial on the original pleadings. The vice president and co-owner of plaintiff corporation testified that all of plaintiff's dealings were with The Harlan Company which he assumed to be a name under which John Harlan conducted his business. Neither he nor his attorney made any inquiry of the Secretary of State, or elsewhere, in order to ascertain the legal status of The Harlan Company. Defendant

---

1. The brief filed in this court on behalf of the respondent corporation states that its trial counsel is no longer practicing law. The brief was filed by plaintiff's vice president and co-owner. He is not an attorney. Corporations may not appear in legal proceedings except by a licensed attorney. *Credit Card Corp. v. Jackson County Water Co.,* 688 S.W.2d 809, 811 (Mo.App.1985). Moreover, the brief filed on behalf of respondent violates every requirement of Rule 84.04.

The statement of facts contains many allegations not found in the record, there are no legal points relied on nor citations of authority. The only mention of the dispositive issue is that the use of the word "company" is not limited to corporations and is not as "straightforward" as Inc., Incorporated or Limited. We are constrained to order respondent's brief stricken, but we nevertheless decide this appeal on its merits.

introduced evidence of the incorporation of The Harlan Company in 1979 and a certification by the Secretary of State that the corporation remained in good standing as of the date of trial. The trial court entered judgment in favor of plaintiff and against John M. Harlan, d/b/a The Harlan Company. We reverse.

The burden is upon the plaintiff to prove the essential elements of its cause of action. *Coca-Cola Bottling Co. v. Groeper,* 691 S.W.2d 395, 397 (Mo.App.1985). A judgment in a court-tried case may not be sustained in the absence of substantial evidence to support it. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The allegation of plaintiff's petition that John Harlan individually was indebted to plaintiff was controverted by the answer of the named defendant. Plaintiff offered no evidence tending to establish the allegation of individual liability. It submitted a written bid on the work to The Harlan Company. The written bid was not signed by anyone on behalf of The Harlan Company. Rather, plaintiff was orally told by an employee of The Harlan Company, other than John Harlan himself, to proceed with the work. All the documents relating to the work were addressed to The Harlan Company, none to John Harlan individually. Plaintiff's only witness testified "I have no idea whether they were incorporated, a private enterprise, a partnership, or what." Section 351.110(1) RSMo.1986 establishes the use of the word "company" as an indicia of corporate status. Proof of the corporate existence of The Harlan Company was available from public records. The decision to proceed against John Harlan as an individual after the express denial of his individual liability is inexplicable. The record is totally devoid of any evidence to support the judgment against John Harlan individually.

Accordingly, the judgment is reversed.

PUDLOWSKI, C.J., and CRANDALL, J., concur.