HAWKEYE BANK AND TRUST, NATIONAL ASSOCIATION, Appellee,

v.

Terry B. BAUGH, Defendant,

and

Baugh Family Farms, Inc., Appellant.

No. 89–1086.

Supreme Court of Iowa.

Nov. 21, 1990.

Reta Noblett–Feld, Iowa City, and Ajili Hodari, Student Legal Intern, for appellant.

Daniel P. Wilson of Drake, Wilson & Jay, Centerville, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

NEUMAN, Justice.

In April 1988, Hawkeye Bank and Trust brought an action to set aside alleged fraudulent conveyances of farmland between Terry B. Baugh and Baugh Family Farms, Inc. Russell Baugh, the son of Terry Baugh and president of Baugh Family Farms, Inc., filed an answer on behalf of the corporation.[1] He subsequently appeared at a trial setting conference, was notified by the court administrator about the trial date, and ultimately prevailed on a motion to recuse the judge originally assigned to hear the case.

The only wrinkle in the orderly progress of this litigation is that Russell Baugh is not an attorney. His status did not become an issue, however, until the morning of trial. In opening statement, counsel for the bank objected that if Baugh persisted in representing the corporation, he would be engaging in the unauthorized practice of law. The court concurred, ruling that Baugh could not submit evidence on behalf of the corporation but, as a corporate officer, he could "remain in the courtroom ... [to] hear and see and observe what happens."

Baugh, who had prepared seven exhibits and subpoenaed one witness, expressed surprise at the court's ruling. He promptly moved for a brief continuance to secure counsel to assert the corporation's defense. The court summarily overruled the motion, citing only the fact that the case "has been on the assignment for months." It then proceeded to hear the plaintiff's evidence—without response by the corporation—and entered judgment for the full relief requested.

On appeal, Baugh argues that (1) the court erred as a matter of law by denying him the right to represent this closely held corporation, and (2) the court abused its discretion by denying him a continuance to obtain counsel. We affirm on the issue of pro se representation but reverse on the denial of a continuance and remand for further proceedings.

I. Whether a corporation may lawfully appear pro se is a question of first impression for this court. Other courts that have considered the question generally adhere to the rule laid down by Chief Justice Marshall in 1824: "[a] corporation ... can appear only by attorney, while a natural person may appear for himself." *Osborn v. United States Bank*, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see, e.g., In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir.1976) (citing nine cases in support of general rule); *Securities & Exch.*

---

1. Terry Baugh neither appeared nor answered and his default is not the subject of this appeal.

*Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir.1966); *Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc.*, 60 Haw. 372, 374–75, 590 P.2d 570, 572–73 (1979) (citing twenty-four cases in support of general rule); *Land Management, Inc. v. Department of Envtl. Protection*, 368 A.2d 602, 604 (Me.1977) (citing twenty-three cases in support of general rule); *Show–Me Restoration Servs. v. Harlan*, 778 S.W.2d 350, 350n. 1 (Mo.App.1989). *See generally* 9A W. Fletcher, *Cyclopedia of the Law of Private Corporations*, § 4463, at 38 (1985 and Supp.1989) ("It is generally held that a corporation must appear by an attorney...."); 19 Am.Jur.2d *Corporations* § 2172, at 89 (1986) (same).

Most courts justify their adherence to the general rule on one of two grounds. First, it is thought that the rule protects the court and the public from ineptitude and delay at the hands of persons who are unskilled as well as unlicensed in the practice of law. *See National Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir.1984); *City of Akron v. Hardgrove Enter., Inc.*, 47 Ohio App.2d 196, 202, 353 N.E.2d 628, 634 (1973); *Walacavage v. Excell 2000, Inc.*, 331 Pa.Super. 137, 142–43, 480 A.2d 281, 284 (1984). Second, courts have striven to preserve the corporation as a legal entity separate from its shareholders. *See In re K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir.Unit B July 1981); *Richter v. Higdon Homes, Inc.*, 544 So.2d 300, 300 (Fla.App.1989); *Oahu Plumbing and Sheet Metal*, 60 Haw. at 376, 590 P.2d at 573; *Varney Enters., Inc. v. WMF, Inc.*, 402 Mass. 79, 82, 520 N.E.2d 1312, 1314 (1988); *Walacavage*, 331 Pa.Super. at 142, 480 A.2d at 284.

The general rule is not without its detractors, however. Exceptions are made on a case-by-case basis, motivated principally by findings that the corporation and its representative are so closely related that their identities are virtually indistinguishable. *See, e.g., Margaret Maunder Assocs., Inc. v. A–Copy, Inc.*, 40 Conn.Supp. 361, 363–65, 499 A.2d 1172, 1174 (1985) (sole shareholder in effect "acting for herself"); *Phoenix Mut. Life Ins. Co. v. Radcliffe on the Del., Inc.*, 439 Pa. 159, 167, 266 A.2d 698, 702 (1970) (all three shareholders of closely held corporation were in court and none objected to representation by one of them); *Willapa Trading Co. v. Muscanto, Inc.*, 45 Wash.App. 779, 787, 727 P.2d 687, 692 (1986) (corporation's president was sole shareholder and director and no other financial interests were involved). One court, observing that pro se representation by a bankrupt corporation is a "manageable nuisance," called the general rule "unnecessarily harsh and unrealistic when applied in bankruptcy to small, closely held corporations." *Matter of Holliday's Tax Servs., Inc.*, 417 F.Supp. 182, 184 (E.D.N.Y.1976).

This court recently touched on the question when it ruled that a *lawyer* who was also the sole shareholder of a corporation could represent the corporation at trial without unethically blurring his role as both witness and advocate. *National Child Care, Inc. v. Dickinson*, 446 N.W.2d 810, 812 (Iowa 1989). We specifically declined to rest our decision, however, on a corporation's right to appear pro se, noting "[s]ome doubt exists as to whether that right exists." *Id.*

II. Baugh offers three reasons why we should depart from the majority rule and allow small, closely held corporations to appear in court pro se. First, he claims the legal fiction of corporate identity exalts form over substance when applied to small family businesses that "operate de facto as sole proprietorships." Second, he asserts that extending the right of self-representation to closely held corporations will create no more disruption in the courtroom than courts presently endure to preserve the individual's right to appear pro se. And, finally, he argues that a shareholder who represents his "own" corporation is not engaging in the unauthorized practice of law for he is neither selling legal services nor holding himself out as a lawyer.

■ The main thrust of Baugh's argument is that we should disregard the "rigid distinction" between a corporation and its owners and, effectively, allow persons like Baugh to represent themselves in litigation. He urges us to adopt the "reverse pierce" doctrine used by a few courts to enable certain shareholders to pierce the corporate veil from within in order to reach individual benefits in cases involving insurance, probate, and real property. *See, e.g., Roepke v. Western Nat'l Mut. Ins. Co.*, 302 N.W.2d 350, 353 (Minn.1981) (allowing corporation's sole shareholder to qualify as an "insured" under policy covering automobiles owned by corporation); *In re Estate of Greenfield*, 457 Pa. 114, 123, 321 A.2d 922, 927 (1974) (allowing testator to devise artworks held by solely owned corporation); *Cargill, Inc. v. Hedge*, 375 N.W.2d 477, 479–80 (Minn.1985) (using "reverse pierce" theory to allow farm family to claim homestead exemption on property owned by family farm corporation).

None of the "reverse pierce" cases cited by Baugh involve corporate self-representation in court. Further, we note that even the proponents of the doctrine admit its limitations:

> We are aware of the danger of a debtor being able to raise or lower his corporate shield, depending on which position best protects his property. Consequently, a reverse pierce should be permitted in only the most carefully limited circumstances.

*Cargill*, 375 N.W.2d at 480.

We are persuaded that this is not one of the "limited circumstances" calling for departure from the general rule. Not only is Baugh not the sole shareholder of Baugh Family Farms, Inc., the record reveals that he is not even a majority shareholder of the corporation. The corporation has three shareholders: Baugh Farms Trust (85%), Tracy Baugh (7½%), and Brenda Wood (7½%). Tracy Baugh and Brenda Wood—Russell's sisters—share with him the management of Baugh Family Farms, Inc. as officers and directors. Russell Baugh is the trustee and sole beneficiary of Baugh Farms Trust.

Given this record, Baugh cannot support a claim that only his financial interests are at stake. Although he purports to speak for his sister/shareholders in this matter, the record is devoid of any suggestion that their views or financial interests mesh with either Baugh's or the corporation's. This circumstance clearly distinguishes the present case from those cases relied upon by Baugh in which courts have carved out exceptions to the general rule.

Moreover, the very nature of this litigation puts the status of the shareholders and corporation at issue and, possibly, in conflict. It is the transfer of assets between Baugh family members and the corporation that Hawkeye Bank seeks to challenge. On the one hand, Baugh asserts the corporation's right to hold title to property and, on the other, he asks us to disregard its corporate status and treat it as an individual for self-representation purposes. We reject this attempt by Baugh to "have his cake and eat it too."

We recognize that due process requires the court system to be accessible to those who are aggrieved. *Union Sav. Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60, 63, 262 N.E.2d 558, 560 (1970). We are cited to no authority that suggests, however, that requiring a corporation to appear through counsel deprives it of its right to due process of law. To the contrary, other courts appear unanimous in their rejection of such a constitutional claim. *See, e.g., Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2d 652, 654 (Colo.App.1988), *cert. denied*, 797 P.2d 748 (Colo.1990); *Oahu*, 60 Haw. at 378, 590 P.2d at 574–75; *Union Sav.*, 23 Ohio St.2d at 63, 262 N.E.2d at 560; *Walacavage*, 331 Pa.Super. at 144, 480 A.2d at 285.

■ In conclusion, we subscribe to the Colorado court's observation that "[w]hen a business accepts the advantages of incorporation, it must also bear the burdens, including the need to hire counsel to sue or defend in court." *Woodford Mfg. Co.*, 772 P.2d at 654. We therefore adopt the general rule that a corporation may not represent itself through nonlawyer employees, officers, or shareholders. For the reasons

**26**

cited, no basis for departure from the general rule can be seen in the case before us. The assignment of error is without merit.

III. Baugh also argues that even if the district court correctly prevented him from representing the corporation, it should have granted him a brief continuance to secure an attorney. Our review of such a claim is limited. Given the broad discretion vested in district courts to grant or deny continuances, we will reverse only when that discretion is abused. *Hawkeye Bank & Trust Co. v. Mathew*, 373 N.W.2d 127, 129 (Iowa 1985). We measure the reasonableness of the court's decision by the rule stated in *State v. Birkestrand*, 239 N.W.2d 353 (Iowa 1976):

> Where a motion for continuance is filed *without delay, alleging a cause not stemming from the movant's own fault or negligence,* the court must determine whether substantial justice will be more nearly obtained by granting the request.

*Id.* at 360. Injustice may appear when, for less than "weighty reasons," a court denies a continuance and thereby prevents a party from being present at trial. *In re Estate of Rogers*, 226 Iowa 183, 185–86, 283 N.W. 906, 907 (1939).

Two factors compel reversal in the case before us. First, inaction by the court and opposing counsel led directly to the surprise experienced by Baugh when, on the day of trial, he was prevented from advocating for the corporation. The record reveals that Baugh's pretrial pleadings were met with no resistance by court or counsel. Although Russell Baugh was clearly not a named defendant in the suit, it was he who received notice of the trial-setting conference and orders fixing trial dates. Baugh successfully moved—on behalf of the corporation—to recuse the judge originally assigned to hear the case. Again, neither court nor counsel objected to Baugh's participation in the litigation. From this record we think Baugh could have reasonably believed that he was empowered to represent the corporation. To unexpectedly pull the rug out from under him on the day of trial smacks of unfairness.

Second, the only justification given by the court for denying a continuance lacks real merit. It is true that the case had been on the docket "for months." The court made no attempt, however, to ascribe any unreasonable delay to Baugh. It appears from the record that it could not. Moreover, no apparent consideration was given to the possibility of a brief adjournment to accommodate Baugh's request. Nor does it appear that the court weighed the relative impact of a continuance on the bank against the likely prejudice to Baugh Family Farms, Inc.

We are persuaded that the trial court abused its discretion when it denied Baugh a brief continuance to secure counsel for the corporation. Accordingly, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.