**Dorothy Irene CONDON, As Administrator of the Estate of Harry La-Vern Condon, Jr., Appellee,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant.**

No. 94–215.

Court of Appeals of Iowa.

Jan. 23, 1995.

Mark L. Tripp of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Kirke C. Quinn of Courter, Quinn, Doran & Anderson, Boone, for appellee.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HAYDEN, Presiding Judge.

While working for Grabau Construction, Harry Condon sustained injuries in an accident caused by an uninsured motorist. Har-

ry received workers' compensation benefits for several weeks, but eventually died from the injuries. Upon his death, his widow, Dorothy Condon, continued to receive workers' compensation in the amount of $411 per week.

Dorothy, as administrator of Harry's estate, filed a wrongful death action against the motorist. Employers Mutual intervened as the provider of uninsured motorist coverage for Grabau Construction. The motorist was dismissed from the action, and the matter proceeded to trial.

Dorothy moved in limine to exclude evidence of the workers' compensation paid or payable to her as Harry's widow. Employers Mutual resisted, arguing it was entitled to present evidence the surviving spouse was receiving workers' compensation benefits and the insurer could offset those payments from the policy limits of the uninsured motorist policy. The trial court sustained the motion and excluded the evidence.

The jury assessed damages in the amount of $625,700, which included $163,000 for spousal support. The uninsured motorist policy limit was $500,000. The trial court offset $67,219 in medical and weekly benefits paid prior to Harry's death and entered judgment for plaintiff in the amount of $432,781.

Employers Mutual now appeals. Employers Mutual raises two issues. The first issue is whether the trial court erred in not allowing Employers Mutual to offset from its policy limits the workers' compensation benefits paid or payable to the surviving spouse. The second issue is whether the trial court erred in not allowing Employers Mutual to present evidence of plaintiff's right to receive workers' compensation benefits. We will discuss each issue in turn.

## I. *Offset for Workers' Compensation Benefits.*

■ The first issue is whether the trial court erred in not allowing Employers Mutual to offset from its policy limits the workers' compensation benefits paid or payable to the surviving spouse. Our scope of review is for correction of errors at law. Iowa R.App.P. 4.

This issue was confronted by our supreme court in *McClure v. Employers Mut. Cas. Co.*, 238 N.W.2d 321 (Iowa 1976). The *McClure* court held workers' compensation benefits paid to the widow of decedent were not duplicative of uninsured motorist insurance paid to the administrator of the estate. *Id.* at 329–30. Consequently, the insurer was not entitled to offset the payment from its policy limits. *Id.; see also* Iowa Code § 516A.2(1) (1993) (uninsured motorist coverage may include offsets designed to avoid duplication of insurance or other benefits). The court reasoned even though the widow and the administrator were the same person, they were two distinct entities. *McClure*, 238 N.W.2d at 329–30.

Employers Mutual argues an amendment to the Iowa Code subsequent to *McClure* compels a different result today. At the time of the *McClure* decision, the wrongful death statute provided:

When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a spouse, child, or parent, it shall not be liable for the payment of debts of the estate, except debts and charges of the first, second, third and fifth classes.

Iowa Code § 633.336 (1975).

In 1977, the wrongful death statute was amended and it now reads as follows:

When a wrongful act produces death, damages recovered as a result of the wrongful act shall be disposed of as personal property belonging to the estate of the deceased; however, if the damages include damages for loss of services and support of a deceased spouse and parent, the damages shall be apportioned by the court among the surviving spouse and children of the decedent in a manner as the court may deem equitable consistent with the loss of services and support sustained by the surviving spouse and children respectively.

Iowa Code § 633.336 (1993).

The purpose of the amendment is to direct damages for loss of service be apportioned to the person who sustained the damage. *Madison v. Colby*, 348 N.W.2d 202, 209 (Iowa

1984). Employers Mutual argues the change in the wrongful death statute means consortium damages awarded in an action by the administrator, but payable to the widow of decedent, are now duplicative of workers' compensation paid to the widow. We disagree.

The wrongful death action continues to belong to the administrator of the estate. *Id.* Consequently, workers' compensation benefits and wrongful death benefits continue to be payable to two distinct entities. *McClure,* 238 N.W.2d at 330. The rule of *McClure* is unaffected by the amendment to the wrongful death statute. We affirm the ruling of the trial court on this issue.

## II. *Evidence of Workers' Compensation Benefits.*

■ The second issue is whether the trial court erred in not allowing Employers Mutual to introduce evidence of plaintiff's right to receive workers' compensation benefits. Employers Mutual cites *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.,* 461 N.W.2d 291 (Iowa 1990), in support of its position the trial court should have received into evidence the fact Dorothy Condon received workers' compensation benefits. The ruling in that case is not applicable to this issue. *Leuchtenmacher* held evidence of insurance limits may be offered by the estate of decedent in order to prove its claim under the insurance contract. *Id.* at 294.

Under the *McClure* rule, even though the widow and the administrator are the same person, they are two distinct entities. Thus, the evidence proffered by Employers Mutual was properly excluded as irrelevant. Iowa R.Evid. 402. What Dorothy Condon receives in the form of collateral benefits is not relevant to the claim made by the estate. The trial court is affirmed on this issue.

Judgment of the trial court affirmed. Costs on appeal are to be taxed to Employers Mutual.

**AFFIRMED.**