## IN THE COURT OF APPEALS OF IOWA

No. 21-0899
Filed June 29, 2022

**NICHOLAS LIBERKO,**
        Plaintiff-Appellee,

**vs.**

**NATHAN ALLEN RATH,**
        Defendant-Appellant,

**and**

**RENAISSANCE RENOVATIONS CONSTRUCTION, INC.**
        Defendant.
_____

        Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde,
Judge.

        Appellant appeals entry of default judgment for damages against him
personally.  **AFFIRMED.**

        Nathan A. Rath, Center Point, self-represented appellant.

        Chad D. Brakhahn and Matthew L. Roth of Simmons Perrine Moyer PLC,
Cedar Rapids, for appellee.


        Considered by Bower, C.J., Ahlers, J., and Blane, S.J.*  Chicchelly, J., takes
no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**BLANE, Senior Judge.**

Nathan A. Rath appeals the award of damages against him personally rather than against only the corporate defendant, Renaissance Renovations Construction, Inc. ("RRCI"), in a default judgment.[1] Rath claims plaintiff Nicholas Liberko failed to prove his pierce-the-corporate-veil claim so as to allow an award against him. Because we find Rath failed to preserve his issue before the district court, we affirm.

## I. Background facts and proceedings.

Liberko and RRCI contracted for RRCI to perform construction remodeling work on Liberko's property. Liberko ended up filing a petition for damages against RRCI and its owner, Rath, claiming against "all defendants": breach of contract (count I), fraudulent misrepresentation (count II), and negligent misrepresentation (count III); and a pierce-the-corporate-veil claim against Rath individually (count IV). RRCI and Rath failed to timely appear and answer and, following procedural rules, the court entered a default against both RRCI and Rath.

Rath filed a motion to set aside the default as to both RRCI and himself. The only argument was that there had not been proper service of the petition. The district court denied the motion noting that, since Rath was not a lawyer, in the future he could not appear on behalf of RRCI. The court then scheduled and held

---

[1] Rath, who is not a lawyer, filed a notice of appeal for himself and on behalf of RRCI. The supreme court, relying on *Hawkeye Bank & Trust, Nat'l Ass'n v. Baugh*, 463 N.W.2d 22, 25 (Iowa 1990) found "[a]s a legal entity, Renaissance may not appear through nonlawyer employees, officers, or shareholders, and may only appear through counsel[]," and dismissed RRCI's appeal. So Rath is the only appellant before us.

a hearing on damages, following which it entered judgment on the breach-of-contract claim against both RRCI and Rath for $32,832.69.[2]  Rath appeals.

## II. Preservation of error.

Rath's sole appeal issue is that the district court erred in awarding damages against him personally as Liberko had failed to prove his pierce-the-corporate-veil claim at the damages hearing.  Liberko contends that Rath did not preserve this issue for appeal.

During the damages hearing, Rath objected to Liberko's damage evidence arguing that it should only apply to RRCI and not to him personally because Liberko had not proven his pierce-the-corporate-veil claim.[3]  The court admitted the evidence subject to the objection.  In its written ruling, the court determined that damages would be awarded against both RRCI and Rath for breach of contract.[4]  The court did not mention piercing-the-corporate-veil and did not specifically rule on Rath's evidentiary objections.  Rath did not file a rule 1.904(2) motion requesting the court to rule on his pierce-the-corporate-veil objection or that damages not be levied against him personally. "It is a fundamental doctrine of

---

[2] At the damages hearing, the court allowed Rath to participate but did not allow him to "represent" RRCI.

[3] At the hearing, Rath objected: "You're asking for personal damages from me, Mrs. Watts, which means that I—one, there's no evidence that I pierced the corporate veil, for one.  For two, if you're getting damages from me personally you need to show cause as to what I am personally assigned to for damages."  The court interjected:

> Okay.  And I'm going to interrupt here.  This is not an opportunity for an argument.  The Court will proceed to hear evidence to determine what, if any, damages the plaintiff is entitled to upon the default and the limited scope today is what—what damages resulted from the breach of contract.  So Mr. Rath's objection is noted for the record.

[4] As noted above, Liberko's petition alleged the breach-of-contract claim in count I against both RRCI and Rath.

appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

On the record before us, we agree with Liberko that Rath failed to preserve his appeal issue. The district court did not specifically rule on Rath's objection and he did not file a rule 1.904(2) motion requesting the court to specifically rule on his objection. We affirm the district court's entry of damages against Rath.

**AFFIRMED.**