# In the Iowa Supreme Court

No. 24–0720

Submitted December 17, 2025—Filed February 6, 2026

**Estate of Kara B. Tornell** and **Preston H. Tornell,** individually and in his administrator capacity,

Appellants,

vs.

**Trinity Health Corporation; Catholic Health Initiatives-Iowa Corp.** d/b/a **MercyOne West Des Moines Medical Center; MercyOne West Des Moines; William E. Nowysz; William Nowysz, P.C.; Des Moines River Physicians, LLC; Ryan Brimeyer;** and **The Iowa Clinic, P.C.,**

Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, judge.

A nonlawyer seeks further review of a court of appeals decision that affirmed the dismissal of the wrongful-death medical malpractice action he filed pro se individually and as administrator of his late wife's estate. **Decision of Court of Appeals Vacated; District Court Judgment Reversed and Case Remanded with Instructions.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

S.P. DeVolder of The DeVolder Law Firm, P.L.L.C., Norwalk, for appellants.

Ryan P. Tunink and Frederick T. Harris of Lamson Dugan & Murray LLP, West Des Moines, for appellee Catholic Health Initiatives-Iowa Corp.

Jennifer E. Rinden, Vincent S. Geis, and Eric P. Martin of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellees William E. Nowysz; William Nowysz, P.C.; and Des Moines River Physicians, LLC.

Stacie M. Codr, Jeffrey R. Kappelman, and Peter R. Lapointe of Finley Law Firm, P.C., Des Moines, for appellees Ryan Brimeyer and The Iowa Clinic, P.C.

**Waterman, Justice.**

In this appeal, we must decide whether the district court erred by dismissing a nonlawyer's wrongful-death action without granting the plaintiff's request for time to retain counsel. Kara Tornell died the day after she was admitted to the emergency department of MercyOne's West Des Moines hospital. Her husband, Preston Tornell, a nonlawyer, filed this wrongful-death action as the administrator for Kara's estate and in his individual capacity. The defendants moved to dismiss the lawsuit, arguing that the case could not proceed without a lawyer for the plaintiff estate. Preston argued that he did not need a lawyer because he was the estate's sole beneficiary. Alternatively, he argued that if a lawyer was required, he should be given time to hire one. The district court, treating his pro se petition as a "legal nullity," dismissed the lawsuit without prejudice. The court of appeals affirmed over a dissent that concluded that the district court erred by not giving Preston reasonable time to hire a lawyer before dismissing the action. We granted Preston's application for further review.

On our review, we hold that a licensed attorney must represent the decedent's estate in a wrongful-death action. But we determine that the district court abused its discretion by not granting Preston's request for reasonable time to hire a lawyer. For the reasons explained below, we vacate the court of appeals decision, reverse the district court's dismissal ruling, and remand the case with instructions to grant Preston at least thirty days from the issuance of procedendo to retain trial counsel to prosecute the wrongful-death claims in district court.

**I. Background Facts and Proceedings.**

The court of appeals accurately summarized the facts alleged in the petition as follows:

> In December 2021, Kara experienced sudden "back pain, shortness of breath, low blood pressure, low pulse oxygen, and

discolored tissues." She went by ambulance to the emergency department at MercyOne in West Des Moines, where she received treatment from several doctors. Her condition deteriorated rapidly. After experiencing cardiac arrest, cardio-pulmonary resuscitation, and many medical procedures to stabilize her, Kara was admitted to the critical care department. Her prognosis was "uncertain" because of a prolonged lack of oxygen. The next day, "with treatments exhausted and with no hope for recovery," Preston made "the devastating decision to remove [Kara] from life support," and she soon died.

(Alteration in original) (footnote omitted).

Kara died intestate (without a will), and the probate court appointed Preston as the administrator of her estate. He claims to be the sole beneficiary of Kara's estate. Kara is survived by Preston and their seven children. In November, Preston sued the hospital, clinics, and physicians allegedly involved in Kara's care. The petition named the plaintiffs as the "Estate of Kara B. Tornell, Preston H. Tornell, Administrator, and Preston H. Tornell, individually." The first paragraph alleged that Kara was the "mother of seven children." The petition is twenty-seven pages and alleges wrongful-death claims against multiple medical defendants for "negligence," "gross negligence," "recklessness," and "willful" mistreatment. The petition seeks damages for "great (past and future) mental anguish, loss of consortium, loss of society, loss of service, grief, loss of normal life, loss of enjoyment and quality of life, anxiety and depression," as well as for "other pecuniary loss, expenses, and damages (past and future) including but not limited to loss of Mrs. Tornell's future earning capacity." The petition did not expressly assert claims for loss of parental consortium on behalf of any of the Tornells' seven children. No lawyer signed the petition or filed an appearance in the district court lawsuit. Preston timely filed a certificate of merit affidavit signed

and sworn under oath by Dr. David Hartsuch and notarized by an attorney in Davenport.

The defendants answered the petition, denied the allegations of improper care, and asserted defenses, including that the "Plaintiff's Petition fails to state a claim for which relief may be granted" and that the petition "amounts to the illegal practice of law." The defendants then moved to dismiss the petition as a legal nullity because Preston, a nonlawyer, could not prosecute claims in district court on behalf of the estate and only the estate's administrator could file his personal claims for loss of consortium.

Preston resisted the motions, arguing that as sole beneficiary and administrator of his wife's estate, he could prosecute the wrongful-death claims without a lawyer. His resistance admitted that the estate had at least one creditor. His resistance also devoted several paragraphs to the claims for loss of parental consortium claims "owned" by each of the children individually. He acknowledged he would be bringing the children's consortium claims as administrator. He argued that dismissal of the lawsuit would be unfair to the children and to him.

Alternatively, his written resistance cited *Hawkeye Bank & Trust, National Association v. Baugh*, 463 N.W.2d 22, 26 (Iowa 1990), for the proposition that "it is an abuse of discretion for the trial court to dismiss a claim or void such filings without allowing the party a fair opportunity to cure any defect." Preston's resistance also cited an unpublished court of appeals case that allowed the appellant thirty days to get a lawyer before dismissing the appeal improperly filed by a nonlawyer on behalf of a corporation: *In re Timberline Builders, Inc. v. Donald D. Payne Trust*, No. 09–0168, 2010 WL 2383916, at *1, *5 (Iowa Ct. App. June 16, 2010). And Preston filed a motion to amend his petition to specifically

allege that Kara died intestate and that he "is the only beneficiary and distributee of her estate." He then argued in a surreply that the district court could take judicial notice of those facts in the probate proceedings. The defendants responded that because Preston's pro se petition was a legal nullity, he should not be granted leave to amend or allowed additional time to get a lawyer.

The district court heard oral argument on the pending motions. Defense counsel again argued dismissal was required because no lawyer had appeared for the estate or its administrator. Preston argued at the hearing that no lawyer was required to represent the plaintiffs, but also argued this fallback position:

> *Hawkeye* -- or the *Rizzio* case [*Yulin Li ex rel. Lee v. Rizzio*, 801 N.W.2d 351, 358 [(Iowa Ct. App. 2011),] does not make my causes of action or this case null, legally null and void, as the defense repeatedly argues. It does allow for the Court, especially in *Hawkeye Bank & Trust*, does allow for Plaintiffs to -- I'm sorry, the legal term is slipping my mind -- cure their cause of action in *Hawkeye Bank & Trust*.

The district court took the motions under advisement and directed both sides to submit proposed orders. Preston filed a proposed order that stated, "in the alternative, the court grants the plaintiffs sixty days to be represented by counsel and have that counsel enter an appearance for the plaintiffs in this action."

The district court subsequently granted the defendants' motions to dismiss and denied Preston's motion to amend. The court ruled that this lawsuit could not proceed without a lawyer. It further held that Preston's individual consortium claim must be prosecuted by the administrator represented by counsel. Because no lawyer represented the plaintiffs, the court ruled that "Plaintiffs' Petition is a legal nullity" and that "[t]he pleadings entitle Defendants to judgment as a matter of law." The court denied Preston's motion to amend because it "seeks to amend a void pleading . . . and constitutes the unauthorized

practice of law." The court did not grant Preston's request for time to retain counsel before dismissing the action.

Now assisted by appellate counsel, Preston appealed. We transferred the case to the court of appeals. A divided five-judge panel of that court affirmed the district court rulings, over a dissent by two judges. All five appellate judges agreed that a lawyer was required to prosecute the wrongful-death claims for Preston and the estate. The majority stated, "By enforcing the rule prohibiting non-lawyers from representing other people or entities, our courts aim to protect the judicial system and the public from 'ineptitude and delay at the hands of persons who are unskilled as well as unlicensed in the practice of law.'" (quoting *Hawkeye Bank & Tr.*, 463 N.W.2d at 24). The majority concluded that Preston had not preserved error on his alternative claim for more time to retain a lawyer before the case was dismissed. The dissent concluded that he had preserved error on that issue, and the district court should have given him a warning and thirty more days to get a lawyer before dismissing the action. Preston applied for further review, which we granted.

**II. Standard of Review.**

The defendants filed answers followed by motions to dismiss for failure to state a claim. The district court treated the defendants' motions as motions for judgment on the pleadings under Iowa Rule of Civil Procedure 1.954. Our standard of review is the same. "This court reviews rulings on motions to dismiss for the correction of legal error." *Venckus v. City of Iowa City*, 930 N.W.2d 792, 798 (Iowa 2019). And we review rulings on motions for judgment on the pleadings for correction of errors at law. *Rowe ex rel. Est. of Kahn v. City of Clermont*, 22 N.W.3d 252, 257 (Iowa 2025).

We review rulings denying leave to amend for abuse of discretion. *Struve v. Struve*, 930 N.W.2d 368, 375 (Iowa 2019). "A district court 'abuses its discretion when its ruling is based on clearly untenable grounds.' " *NuStar Farms, LLC v. Zylstra*, 880 N.W.2d 478, 482 (Iowa 2016) (quoting *Bottoms v. Stapleton*, 706 N.W.2d 411, 415 (Iowa 2005)). "A ground is clearly untenable when the court relies on an improper legal standard or applies the law in error." *Id.*

**III. Analysis.**

"Although our state law allows pro se litigants to represent their *own* claims, it does not authorize pro se litigants to prosecute the claims of *others*." *Iowa Sup. Ct. Comm'n on the Unauthorized Prac. of L. v. Sullins*, 893 N.W.2d 864, 875 (Iowa 2017) (quoting *Yulin Li ex rel. Lee v. Rizzio*, 801 N.W.2d 351, 360 (Iowa Ct. App. 2011)). "We prohibit unlicensed persons from practicing law for good reason. '[E]very man is entitled to receive legal advice from men skilled in law, qualified by character, sworn to maintain a high standard of professional ethics, and subject to the control and discipline of the court.' " *Id.* (alteration in original) (quoting *Bump v. Dist. Ct.*, 5 N.W.2d 914, 922 (Iowa 1942)); *see also Wilbur v. Tunnell*, 151 N.E.3d 908, 913 (Mass. App. Ct. 2020) ("The purpose of this limitation on self-representation [by the executor] is to 'enhance the effectiveness of the judicial department,' and 'to protect the public.' " (first quoting *In re Op. of the Justs.*, 194 N.E. 313, 316 (Mass. 1935), *abrogated in part on other grounds by, Real Est. Bar Ass'n for Mass., Inc. v. Nat'l Real Est. Info. Servs.*, 946 N.E.2d 665 (Mass. 2011); and then quoting *LAS Collection Mgmt. v. Pagan*, 858 N.E.2d 273, 276 (Mass. 2006))). We must decide whether Preston was engaged in the unauthorized practice of law by filing this wrongful-death action on behalf of himself and his late wife's estate, and if so, whether the district court erred by not allowing him more time to retain counsel before dismissing the lawsuit.

We decided similar questions in *Hawkeye Bank & Trust*, 463 N.W.2d 22, 26. Russel Baugh, a nonlawyer shareholder and officer of a closely held corporation, represented the entity in defending a bank's lawsuit to set aside allegedly fraudulent conveyances of farmland between the corporation and family-member shareholders. *Id.* at 23, 25. On the morning of trial, the bank's counsel objected on grounds that Baugh was "engag[ed] in the unauthorized practice of law." *Id.* at 23. The district court agreed, ruling "that Baugh could not submit evidence on behalf of the corporation," and denied his motion for a brief continuance to secure counsel for the corporation to present its defenses. *Id.* The district court heard only the bank's evidence and granted the bank's requested relief in full. *Id.* On appeal, Baugh argued that "(1) the [district] court erred as a matter of law by denying him the right to represent this closely held corporation, and (2) the court abused its discretion by denying him a continuance to obtain counsel." *Id.* We determined that "[w]hether a corporation may lawfully appear pro se [was] a question of first impression" in Iowa but observed that a majority of other courts follow the "rule laid down by Chief Justice Marshall in 1824: '[a] corporation . . . can appear only by attorney, while a natural person may appear for himself.' " *Id.* (alteration and omission in original) (quoting *Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824)). We followed this general rule and held that the corporation must be represented by counsel. *Id.* at 24. We observed that "[m]ost courts justify their adherence to the general rule on one of two grounds." *Id.* "First, it is thought that the rule protects the court and the public from ineptitude and delay at the hands of persons who are unskilled as well as unlicensed in the practice of law." *Id.* "Second, courts have striven to preserve the corporation as a legal entity separate from its shareholders." *Id.* We agreed that "[w]hen a business accepts the advantages of incorporation, it must also

bear the burdens, including the need to hire counsel to sue or defend in court." *Id.* at 25 (alteration in original) (quoting *Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2d 652, 654 (Colo. App. 1988)). Importantly, we also noted possible conflicts of interest between the entity and its shareholders over the disputed ownership of farmland. *Id.* We declined to follow cases from other jurisdictions allowing a shareholder to litigate a corporation's claims in court. *Id.*

We reach the same conclusion here. First, estates are legal entities distinct from their administrators and beneficiaries. *See McClure v. Emps. Mut. Cas. Co.*, 238 N.W.2d 321, 329–30 (Iowa 1976) (en banc); *Condon v. Emps. Mut. Cas. Co.*, 529 N.W.2d 630, 631–32 (Iowa Ct. App. 1995); *see also Anderson v. State*, 2 N.W.3d 807, 816–18 (Iowa 2024) (recognizing the separate legal status of the estate of a deceased child and the parents bringing individual claims for their loss of consortium for purposes of satisfying administrative exhaustion requirement under Iowa Tort Claims Act); *Rizzio,* 801 N.W.2d at 360 (holding that a nonlawyer parent cannot litigate his child's personal-injury claim in court). While a person may appear in court on that person's own behalf, representing another person or entity generally constitutes the unauthorized practice of law. *See Sullins*, 893 N.W.2d at 875.

Second, wrongful-death lawsuits involving multiple claims of a surviving spouse and children require a lawyer's professional judgment, trained advocacy, and ethical obligations as an officer of the court to properly distribute any recovery. Preston's inconsistent advocacy for his children helps prove our point. The petition alleged Kara had seven children but pleaded no claims for their loss of parental consortium. Preston argued in resisting the defendants' motions to dismiss that dismissal would unfairly prejudice the children's claims for loss of parental consortium. The district court stated, "The Petition in this matter is

prolix. It is unclear to the court whether Mr. Tornell attempts to pursue consortium claims for the Tornell children. If so, the court observes that these claims would belong to the children, not Mr. Tornell." The court of appeals in turn noted that "[o]n appeal, Preston makes a passing reference to claims for money damages that 'may belong to minor or adult children.'" Yet he changed his position in his application for further review, stating that he "seeks no other damages . . . that belong, or arguably belonging [sic], to any other person (such as the children of Kara B. Tornell) or entity." It now appears Preston is willing to abandon his children's consortium claims to bolster his position that he is a "sole beneficiary" who should be allowed to prosecute this wrongful-death action pro se.[1] That segues into our third reason for requiring counsel.

Just as the potential conflicts of interest between the shareholders and the corporation gave us pause in *Hawkeye Bank & Trust*, 463 N.W.2d at 25, here we see potential conflicts of interest because the estate has at least one creditor and because Kara is survived not only by Preston but also by their seven children whose individual claims for loss of parental consortium must be brought by the administrator of her estate. *See Roth v. Evangelical Lutheran Good Samaritan Soc.*, 886 N.W.2d 601, 605–06 (Iowa 2016); *see also* Iowa Code § 633.336 (2023) (controlling distribution of proceeds of an estate's wrongful-death claims and survivors' consortium claims). So Preston "cannot support a claim that only his financial interests are at stake." *Hawkeye Bank & Tr.*, 463 N.W.2d at 25. And even as the estate's administrator, Preston cannot litigate any claims of his children for loss of parental consortium without a lawyer. *See Rizzio,* 801 N.W.2d

---

[1]We need not decide in this case whether a *sole beneficiary* alone may bring a claim on the estate's behalf, because this case also involves potential claims of other interested persons (the surviving children).

at 361 ("The authority to represent another as a party" . . . "does not equal the authority to practice law on their behalf." (quoting *Chisholm v. Rueckhaus*, 948 P.2d 707, 709 (N.M. Ct. App. 1997))). Preston's belated willingness to abandon the children's consortium claims exemplifies his conflicts of interest and the need for licensed legal counsel to prosecute this lawsuit.

The district court and court of appeals correctly determined that Preston, a nonlawyer, could not represent Kara's estate in this wrongful-death action against the defendants in district court and that his effort to do so constituted the unauthorized practice of law. *Sullins*, 893 N.W.2d at 878; Iowa Ct. R. 37.2 (allowing district courts to enjoin the unauthorized practice of law). We hold that the estate's wrongful-death action must be prosecuted in district court by an attorney. As the court of appeals correctly concluded, "Preston's authority to represent the estate as a fiduciary in a lawsuit—under Iowa Code section 633.81—does not allow him to prosecute [this] action pro se."

We also agree with the court of appeals' determination that "the district court correctly found that Preston's individual claims passed to the administrator, and nothing in the probate code grants an administrator the authority to practice law on the estate's behalf." *See Condon*, 529 N.W.2d at 631 (recognizing that "even though the widow and the administrator were the same person, they were two distinct entities" for purposes of bringing the spousal consortium claim); *Nichols v. Schweitzer*, 472 N.W.2d 266, 271 (Iowa 1991) ("To avoid a double recovery, [Iowa Code] section 613.15 designates the personal representative of the deceased as the proper party to bring a suit for the loss of consortium of the deprived spouse. The independent claim of the deprived spouse thus passes to the administrator on death of the injured spouse."). So even though Preston is the administrator and would be the ultimate recipient of

a recovery on his own consortium claim, the probate code governs the allocation of any recovery in this wrongful-death action among the surviving spouse, the children, and the estate. *See Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 312 (Iowa 1982); Iowa Code § 633.336. We hold that the consortium claims of Preston and the seven children cannot proceed in district court without a lawyer.

Our holding that Preston engaged in the unauthorized practice of law is limited to his attempted prosecution of this wrongful-death action against the defendants in district court. This appeal does not involve the ability of administrators and executors to open and administer estates in probate court proceedings without a lawyer under Iowa Code chapter 633 or 635. *See generally* Michael Hatfield, *Pro se Executors—Unauthorized Practice of Law, or Not?* 59 Baylor L. Rev. 329 (2007) (reviewing authorities nationwide addressing pro se representation in probate court).

We now turn to the question of the proper remedy for Preston's unauthorized practice of law. He argues that the district court erred by failing to grant his request for time to retain counsel before dismissing the action. The court of appeals majority concluded that Preston failed to preserve error on this issue because it found he did not raise it until his proposed order was filed after the hearing on the pending motions. We disagree with that premise. Preston in fact argued for that alternative relief first in his prehearing written resistance and surreply and then again in his oral argument at the hearing, repeatedly citing *Hawkeye Bank & Trust* and *Timberline Builders*. The defendants responded to Preston's argument by contending that he should not be given an opportunity to retain counsel because his pro se petition was a legal nullity. The district court accepted the defendants' legal nullity argument. The court of appeals majority

also concluded that the district court did not rule on Preston's request for time to get a lawyer, necessitating a motion under Iowa Rule of Civil Procedure 1.904(2) to preserve error. Again, we disagree. In our view, the district court implicitly and necessarily rejected Preston's request when it dismissed his lawsuit without allowing him more time to retain counsel. We agree with the two dissenting judges that Preston preserved error without the need for a rule 1.904(2) motion.

So unlike the court of appeals majority, we now reach the question of whether the district court erred by not granting Preston time to retain counsel. In *Hawkeye Bank & Trust,* we held that the district court abused its discretion by denying Baugh's request for a brief continuance to obtain counsel. 463 N.W.2d at 26. We reach the same conclusion here. *See id.*; *see also Doe v. W. Dubuque Cmty. Sch. Dist.*, 20 N.W.3d 798, 811 (Iowa 2025) (reversing ruling that dismissed parents' lawsuit brought under fictitious names and remanding the case to allow them to amend their pleading to use their real names). The district court erred by ruling that the petition filed by Preston was a "legal nullity" that could not be amended and by denying his pending request for a continuance to obtain counsel. It is an abuse of discretion to apply the wrong legal standard. *NuStar Farms*, 880 N.W.2d at 482.

As the dissenting opinion of the court of appeals correctly observed, other courts "have rejected the nullity approach in favor of approaches that generally give the improperly represented party a chance to hire a lawyer—sometimes with some discretion on the matter for the court." (Citing *Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873–75 (5th Cir. 2004) (per curiam); *Boydston v. Strole Dev. Co.*, 969 P.2d 653, 655–56 (Ariz. 1998) (en banc); *Torrey v. Leesburg Reg'l Med. Ctr.*, 769 So. 2d 1040,

1044–46 (Fla. 2000); *Alexander & Baldwin, LLC v. Armitage*, 508 P.3d 832, 845–49 (Haw. 2022); *Downtown Disposal Servs., Inc. v. City of Chicago*, 979 N.E.2d 50, 54–58 (Ill. 2012); *Rental Prop. Mgmt. Servs. v. Hatcher*, 97 N.E.3d 319, 329 (Mass. 2018); *Save Our Creeks v. City of Brooklyn Park*, 699 N.W.2d 307, 310–11 (Minn. 2005) (en banc); *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 406–10 (Pa. 2021)).

We find these authorities persuasive. *See also Brown v. Coe*, 616 S.E.2d 705, 708–09 (S.C. 2005) (surveying caselaw and rejecting the view that "the unauthorized practice of law renders a proceeding a nullity," and allowing pro se executor thirty days to get a lawyer for her appeal).

In our view, allowing a brief continuance to obtain counsel still enables district courts to halt the unauthorized practice of law by nonlawyers attempting to represent others while also permitting resolution of the dispute on the merits (assuming counsel timely appears in the case).

**IV. Conclusion.**

For those reasons, we vacate the decision of the court of appeals and reverse the district court's ruling that dismissed this action. We remand the case for entry of an order allowing Preston a reasonable time of at least thirty days from issuance of procedendo to obtain counsel to represent the estate and its administrator. The district court may again dismiss the action without prejudice after remand if no counsel files an appearance within that time to prosecute this wrongful-death action.

**Decision of Court of Appeals Vacated; District Court Judgment Reversed and Case Remanded with Instructions.**