Raymond **PRELL; Leila Prell; and Tracy Prell, Troy Prell and Tina Prell, Minor Children by Leila Prell, Their Mother and Next Friend, Appellants,**

v.

**Debra Ann WOOD, Defendant,**

**and**

**Sac County, Iowa, Appellee.**

No. 85–1036.

Supreme Court of Iowa.

April 16, 1986.

E.A. Jacobson, of Boerner & Jacobson, P.C., Ida Grove, for appellants.

Thomas J. Bice and James L. Kramer, of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE, and LAVORATO, JJ.

SCHULTZ, Justice.

The fundamental issue in this appeal is whether a "rumble strip" is a "traffic control device" within the meaning of Iowa Code section 668.10 (1985). Section 668.10 exempts a municipality from tort liability for "the failure to place, erect, or install ... a traffic control device." In its ruling on a motion for judgment on the pleadings, the district court determined defendant Sac County was exempt from liability for failing to install rumble strips on a county road and dismissed plaintiffs' action. We affirm.

Because the district court's ruling rested on the pleadings, we review this matter as if the facts stated in the pleadings are true and construe them in the light most favorable to plaintiffs. This action was commenced by Raymond Prell, his wife and children. Prell was seriously injured in an automobile accident when De-

bra Wood failed to stop at a stop sign and collided with a vehicle in which Prell was a passenger. Plaintiffs sued Wood and Sac County, a governmental subdivision responsible for constructing and maintaining the road on which Wood was operating her motor vehicle. Plaintiffs allege Sac County was negligent in failing to install rumble strips or speed bumps to warn drivers they were approaching a stop sign.

Sac County moved for judgment on the pleadings pursuant to Iowa Rule of Civil Procedure 105, alleging that under Iowa Code section 668.10 it could not be held liable for the failure to install rumble strips. Section 668.10, a part of the recently enacted comparative fault statute, provides in relevant part "the state or municipality shall not be assigned a percentage of fault for ... [t]he failure to place, erect, or install a stop sign, *traffic control device,* or other regulatory sign as defined in the uniform manual for traffic control devices adopted pursuant to section 321.252." (Emphasis added.) The district court treated the motion as a motion under Iowa Rule of Civil Procedure 222 and dismissed plaintiffs' petition against the county because it "does not state a cause of action under which plaintiffs could recover against Sac County."

On appeal, plaintiffs contend: (1) the district court erred by resolving factual questions in ruling on a motion for judgment on the pleading; (2) section 668.10 is unconstitutionally void for vagueness because it does not adequately define the phrase "traffic control device"; and (3) the district court erred by holding section 668.10 bars a suit for deficiencies in an intersection which the municipality has undertaken to control.

I. *Factual issues.* Plaintiffs urge the district court erred in determining this case on the pleadings because the court improperly made two factual determinations. We disagree.

■ When a party seeks a judgment on the pleadings only the pleadings are considered in determining whether the uncontroverted facts entitle the movant to judg-ment. *Hurd v. Odgaard,* 297 N.W.2d 355, 356 (Iowa 1980). Defendant's motion is sustainable when plaintiff's pleadings have failed to state a claim on which relief can be granted under any state of facts provable under the allegations. *See Giltner v. Stark,* 252 N.W.2d 743, 744 (Iowa 1977). A judgment on the pleadings is inappropriate if there are factual issues or mixed questions of law and fact. *Hurd,* 297 N.W.2d at 359.

■ Initially, plaintiffs claim the district court's determination that a "rumble strip" is a "traffic control device" within the meaning of section 668.10 is a factual determination reserved to the jury. The meaning of a statute is always a question of law which must be determined by the judiciary and is not an issue for the jury. *Hamilton v. City of Urbandale,* 291 N.W.2d 15, 19 (Iowa 1980); *Cassady v. Wheeler,* 224 N.W.2d 649, 651 (Iowa 1974). Whether a rumble strip is a traffic control device is a legal, not factual, issue which the trial court could properly determine.

Next, plaintiffs maintain the trial court made a factual determination when it stated: "A 'rumble strip' serves the same purpose as a 'stop ahead' warning sign (And may very well, although the court does not so decide, be described as an adjunct to or extension of the purpose of a stop sign.)...." Plaintiffs argue there is no evidence that a rumble strip serves the same purpose as a stop ahead warning sign. Again, this is not a factual determination. It is merely an observation made by the court in resolving the legal issue of whether a rumble strip is a traffic control device under section 668.10.

■ II. *Constitutional and legal issues.* Plaintiffs maintain section 668.10 is void for vagueness. They also claim the district court was manifestly incorrect in concluding that rumble strips are included in that section.

Plaintiffs' constitutional argument raises an issue of error preservation. Plaintiffs did not make the void for vagueness challenge in their resistance to defendant's mo-

tion on the pleadings. On appeal, we cannot review an issue which was not presented to the trial court, which includes constitutional claims. *Beitz v. Horak*, 271 N.W.2d 755, 759 (Iowa 1978).

■ Next, plaintiffs claim section 668.10 grants immunity only to a municipality for its failure to install "regulatory signs." They assert traffic control devices must be regulatory signs because section 668.10 refers to a "stop sign, traffic control device, or other regulatory sign." Plaintiffs argue the use of "other" indicates the legislature intended to limit the liability exemption under the section to a failure to install "regulatory signs," which would not include rumble strips. We disagree and believe the adjective "other" refers to regulatory signs that are different than or additional to a stop sign or traffic control device. Traffic control devices may be objects other than signs. The terms "stop sign" and "regulatory sign" refer to an object that has words or symbols inscribed on its surface which instruct the public to observe a traffic regulation or ordinance. Other apparatuses such as electric traffic signal lights, barricades and railroad crossing gates are generally perceived to be traffic control devices rather than signs.

■ Although a rumble strip is not defined in the Code,[1] we deem it to be a traffic control device under section 668.10 by examining agency rules and the approved traffic control manual. Neither section 668.10 nor chapter 321, a chapter on motor vehicles and law of the road, provides a definition of a rumble strip. However, Iowa Code section 321.252 authorizes the state department of transportation to "adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter [321] for use upon the highways within this state." The department has adopted the 1978 edition of the Manual on Uniform

Traffic Control Devices for Streets and Highways. 820 Iowa Admin. Code [06, K]2.1(321). The introduction to the manual states: "Traffic control devices are all signs, signals, markings, and devices placed on, over, or adjacent to a street or highway by authority of a public body having jurisdiction to regulate, warn, or guide traffic." Section 1A–1 of the manual notes:

> The purpose of traffic control devices and warrants for their use is to help insure highway safety by providing for the orderly and predictable movement of all traffic, motorized and non-motorized, throughout the national highway transportation system, and to provide such guidance and warnings as are needed to insure the safe and informed operation of individual elements of the traffic stream.

> Traffic control devices are used to direct and assist vehicle operators in the guidance and navigational tasks required to traverse safely any facility open to the public travel.

Section 5C–2 refers to rumble strips in connection with the marking of traffic islands as follows: "These rumble sections provide increased visibility of the marked areas and produce an audible warning to vehicles inadvertently travelling across them." Our examination of the purpose of traffic control devices and the function of rumble strips leads us to conclude that a rumble strip is a traffic control device that assists vehicle operators to safely travel our highways.

■ We need not rely solely upon the manual to reach this conclusion, however. In determining the meaning of the term "traffic control device" we may refer to its common accepted meaning. A control device usually either directs or regulates and a device means something that performs a function. It is common knowledge that rumble strips placed on the highway have

---

1. Rumble strips are mentioned but not defined in Iowa Code section 307.26(5)(a). One of several duties assigned to the administrator of the railroad transportation division is to develop a safety program on railroad-highway grade crossings which includes the "implementation of a program of constructing rumble strips at grade crossings on selected hard surface roads." *Id.*

the function of creating a noise to alert a driver of danger ahead, normally a stop sign. We agree with the district court's interpretation that a rumble strip is a traffic control device under section 668.10.

 III. *Controlled traffic intersection.* Plaintiffs also contend section 668.10 should be applied only to uncontrolled, and not controlled, intersections. They concede section 668.10 "appears to be an attempt to absolve municipalities from liability for failure to regulate streets and highways." However, plaintiffs argue Sac County had a duty at the time of construction, which was prior to the enactment of section 668.10, to properly design the controlled intersection. Further, plaintiffs contend the county violated that duty by its failure to install rumble strips to properly warn of the upcoming stop sign. We disagree and believe the time at which the design or construction takes place is not of importance. The section 668.10 exemption from liability is not limited to newly constructed or recently designed highways. The municipal liability exemption for failing to install a traffic device applies regardless of the time of the alleged wrongful act.

Next, plaintiffs assert they are not presenting a claim for damages based on Sac County's decision to control the intersection but, rather, based upon the county's negligence in implementing that decision. They maintain section 668.10 is a corollary to Iowa Code section 25A.14(1), which excepts the state from tort liability for exercising or performing a "discretionary function or duty." Initially, plaintiffs' reliance on section 25A.14(1) is misplaced. Defendant Sac County is a municipality, section 613A.1, rather than a state agency, section 25A.2(1). A tort claim against a municipality is pursuant to chapter 613A and the "discretionary function" exception is at section 613A.4(3). Even assuming section 613A.4 is applicable, there is no merit to plaintiffs' argument. Unlike section 613A.4(3), section 668.10 does not except discretionary acts but addresses a municipality's failure to, among other things, install a traffic control device. This is not

a discretionary exemption. Defendant Sac County is excused from liability not because its failure to install rumble strips is a discretionary act, but because it is exempt for failing to install a traffic control device under section 668.10.

In summary, we conclude the trial court correctly dismissed this action.

AFFIRMED.