**Robert L. STANTON and the Des Moines Association of Professional Fire Fighters Local No. 4, Appellants,**

v.

**CITY OF DES MOINES, Iowa; Board of Trustees of Fire Retirement System of the City of Des Moines, Iowa; Des Moines Fire Department; and Robert V. Armstrong, in His Official Capacity as Fire Chief, Appellees.**

No. 86–1642.

Supreme Court of Iowa.

March 16, 1988.

Charles E. Gribble and Linda G. Hanson of Sayre & Gribble, P.C., Des Moines, for appellants.

Nelda Barrow Mickle, Des Moines, for appellees.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The plaintiffs in their action for declaratory judgment ask the court to construe Iowa Code section 411.6(5) (1985) to prohibit the fire chief from ordering a temporarily disabled fire fighter to perform light duty. The trial court granted defendants' motion for a judgment on the pleadings and dismissed the petition. We reverse and remand.

Section 411.6(5) of the Iowa Code provides that if a fire fighter is injured in the performance of duty, the fire fighter may after examination be found to be temporarily incapacitated for duty by the Board of Fire Trustees. Iowa Code § 411.6(5) (1985). If this finding is made, the injured fire fighter is entitled to full pay and benefits until the Board determines that the fire fighter is either fully recovered or permanently disabled. *Id.* The Code also provides for a medical board of three physicians to provide the Board with written reports stating their conclusions and recommendations. Iowa Code § 411.5(9) (1985). The medical board is required to arrange for and pass upon all medical examinations.

The plaintiff, Robert L. Stanton, is a fire fighter for the defendant, the City of Des Moines. Stanton is a member of the Des Moines Association of Professional Fire Fighters, Local No. 4 (hereinafter referred to as the Union). Stanton and the Union brought an equity action against the City of Des Moines seeking a declaratory judgment. This action stems from a job-related injury sustained by Stanton on January 22, 1986. In their petition, plaintiffs claim that as a result of that injury, Stanton was placed on injury leave ("J" time) until April 28, 1986. On April 28 the fire chief ordered Stanton to perform light duty. The plaintiffs request a declaratory judgment stating that Iowa Code section 411.6(5) prevents the fire chief from ordering a temporarily incapacitated fire fighter to perform light duty.

The plaintiffs allege that it is improper for the fire chief to order a temporarily incapacitated fire fighter to perform light duty until the Board has determined that the fire fighter is fully recovered. In their answer the defendants denied that Stanton was determined to be temporarily incapacitated as a result of job-related injuries; they denied that any controversy exists concerning the application of Iowa Code section 411.6(5); they challenge the Union's standing as well as the capacity of the Des Moines Fire Department or the Board of Fire Trustees to be sued; they claim that Stanton's request for a declaratory judgment is moot because he is fully recovered and back at work; and they allege Stanton was never determined to be temporarily incapacitated by the Board of Fire Trustees.

After submitting and withdrawing a special appearance, the defendants moved for a judgment on the pleadings. The court granted this motion and ruled in favor of the defendants. In the judgment on the pleadings, the court found that Stanton "was placed on injury leave ("J" time) under § 411.6(5), The Code." The trial court dismissed the petition after concluding section 411.6(5) of the Iowa Code did not prevent the fire chief from ordering a temporarily disabled fire fighter to perform light duty.

A judgment on the pleadings is authorized by rule 222 of the Iowa Rules of Civil Procedure. This rule provides:

Any party may, at any time, on motion, have any judgment to which he is entitled under the uncontroverted facts stated in all the pleadings, or on any portion of his claim or defense which is not controverted, leaving the action to proceed as to any other matter of which such judgment does not dispose.

This device is only appropriate when the pleadings, taken alone, entitle a party to judgment. *Hurd v. Odgaard*, 297 N.W.2d 355, 356 (Iowa 1980). If there are any material facts disputed in the pleadings, a judgment on the pleadings is not appropriate. *Lamantia v. Sojka*, 298 N.W.2d 245, 248 (Iowa 1980); Blackburn, *Thirty Years of Motion Practice Under the Iowa Rules —or—Traps, Pitfalls and Other Hidden Dangers*, 21 Drake L.Rev. 447, 480–86 (1972). Motions and special appearances are not pleadings. *See* Iowa R.Civ.P. 68 and 69. They may not be considered in a judgment on the pleadings. *Hurd*, 297 N.W.2d at 356. In pleadings, any allegations denied are controverted. Allegations made in the petition that are not denied are admitted by operation of law. *See* Iowa R.Civ.P. 102. Facts pled in an affirmative defense that are not responded to are deemed denied by operation of law. *See* Iowa R.Civ.P. 73, 102(2). Unless allegations of material fact are admitted by the opponent, they are normally in dispute and a judgment on the pleadings is not appropriate. The proper function of a motion for judgment on the pleadings is simply to test the sufficiency of the pleadings to present an appropriate issue for trial. *Hurd*, 297 N.W.2d at 356.

■ In many respects a motion for a judgment on the pleadings is reviewed in a similar manner to a motion to dismiss under rule 104(b) of the Iowa Rules of Civil Procedure. The ineffectiveness of either rule 104(b) or rule 222 arises from the limited number of cases where there are no material facts in dispute as shown by the pleadings. *See Stessman v. American Black Hawk Broadcasting Co.*, 416 N.W. 2d 685, 688 (Iowa 1987).

■ The pleadings in this case reveal material facts are in dispute. The defend-ants deny Stanton was temporarily incapacitated and allege facts in support of their affirmative defenses for each named defendant. There are unresolved allegations that Stanton's claim is moot and the Union lacks standing. Facts alleged by the defendants in their affirmative defenses are deemed denied, thus controverted, by operation of law. We therefore reverse the district court's judgment on the pleading and remand this case for further proceedings.

REVERSED AND REMANDED.